ALB

**MJ 13-0242**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------X
IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AUTHORIZATION TO OBTAIN
LOCATION DATA CONCERNING A MOBILE
TELEPHONE ASSIGNED NUMBER:
347-605-0632

---------------X

FILED UNDER SEAL

AFFIDAVIT IN SUPPORT OF
APPLICATION FOR A SEARCH
WARRANT

(Fed. R. Crim. P. 41;
U.S.C., §§ 2703, 2711,
3103a and 3117; T. 28,
U.S.C., § 1651(a))

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 19 2013 ★
LONG ISLAND OFFICE

EASTERN DISTRICT OF NEW YORK, SS:

I, ROBERT LYNCH, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 347-605-0632, used by GRACIA L. MAYARD (the "SUBJECT TELEPHONE"), whose wireless telephone service provider is T-Mobile USA (the "Service Provider"). The SUBJECT TELEPHONE is described herein and in Attachment A, and the location information to be seized is described herein and Attachment B.

2. I have been a Task Force Officer with the Drug Enforcement Administration. I am currently assigned to the DEA, New York Field Division, Long Island District Office ("LIDO") as part of the Tactical Diversion Squad, formed to combat prescription drug abuse. The facts in this affidavit come from

my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that GRACIA L. MAYARD, who is currently wanted pursuant to an arrest warrant (13 MJ 238) issued on March 18, 2013 by the Honorable Gary R. Brown, United States Magistrate Judge for the Eastern District of New York, has used, and is currently using, the SUBJECT TELEPHONE to flee from justice. There is therefore probable cause to believe that the location information, including but not limited to E-911 Phase II data (or other precise location information) concerning the SUBJECT TELEPHONE (the "REQUESTED INFORMATION"),[1] as described in

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the SUBJECT TELEPHONE at the start and end of any call or text message transmission. In requesting cell site information, the government does not concede that such cell site records — routinely retained by wireless carriers as business records — may only be obtained via a warrant issued on probable cause. See In re Application, 632 F. Supp. 2d 202 (E.D.N.Y. 2008) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 et seq.); In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (same).

2

Attachment B, will lead to his apprehension.

**PROBABLE CAUSE**

4. On March 18, 2013, an arrest warrant was issued for defendant GRACIA L. MAYARD by the Honorable Gary R. Brown, United States Magistrate Judge for the Eastern District of New York, pursuant to a complaint (13 MJ 238) charging him with Conspiracy to Distribute Oxycodone.

5. On the morning of March 18, 2013, Task Force members have unsuccessfully tried to locate and arrest defendant GRACIAS L. MAYARD at multiple locations in the Eastern District of New York, including all known residences and offices of defendant MAYARD. Pursuant to this investigation, two Task Force members have spoken to defendant MAYARD, who is using the SUBJECT TELEPHONE, in an attempt to convince him to surrender himself. In sum and substance, defendant MAYARD was informed that there was a warrant for his arrest and he refused to provide information as to where he was located.

6. There is therefore probable cause to believe that the REQUESTED INFORMATION will lead to evidence regarding the location of defendant MAYARD. The REQUESTED INFORMATION is necessary to assist law enforcement agents in arresting MAYARD pursuant to the pending warrant.

## **AUTHORIZATION REQUEST**

7.   WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing agents to obtain the REQUESTED INFORMATION for a period of 30 days.

8.   IT IS FURTHER REQUESTED that the Court direct the Service Provider to assist law enforcement by providing all information, facilities and technical assistance needed to ascertain the REQUESTED INFORMATION, and further direct the service provider to initiate a signal to determine the location of the SUBJECT TELEPHONE on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement officer serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the SUBJECT TELEPHONE, for a period of 30 days.  Reasonable expenses incurred pursuant to this activity will be processed for payment by the Drug Enforcement Administration.

9.   IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the SUBJECT TELEPHONE outside of daytime hours.

4

10. IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed or any extension thereof. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of the SUBJECT TELEPHONE would seriously jeopardize the ongoing investigation, as such disclosure would allow MAYARD to dispose of the SUBJECT TELEPHONE. Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

11. IT IS FURTHER REQUESTED that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing these documents is necessary because the items and information to be seized are relevant to an ongoing investigation. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and search warrants via the

5

internet. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving MAYARD a further opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, and notify confederates.

12. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 2705(b) and for the reasons stated above, it is further requested that the Court issue an Order commanding T-Mobile USA not to notify any person (including the subscribers or customers of the account listed in the attached warrant) of the existence of the attached warrant until further order of the Court.

Dated:   Central Islip, New York
         March 19, 2013

_____
Robert Lynch
Task Force Officer
Drug Enforcement Administration


Sworn to before me the 19th day of March, 2013

_____
THE HONORABLE GARY R. BROWN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## **ATTACHMENT A**

### Property To Be Searched

1.  The cellular telephone assigned call number 347-605-0632 (the "SUBJECT TELEPHONE"), whose wireless service provider is T-Mobile USA.

2.  Information about the location of the SUBJECT TELEPHONE that is within the possession, custody, or control of T-Mobile USA, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B**

<u>Particular Things to be Seized</u>

All information about the location of the SUBJECT TELEPHONE described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the SUBJECT TELEPHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (<u>i.e.</u>, antenna towers covering specific geographic areas) and "sectors" (<u>i.e.</u>, faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile USA, T-Mobile USA is required to disclose the Location Information to the government. In addition, T-Mobile USA less must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile USA's services, including by initiating a signal to determine the location of the SUBJECT TELEPHONE on T-Mobile USA's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile USA for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. <u>See</u> 18 U.S.C. § 3103a(b)(2).